IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CR-75-D
No. 5:19-CV-358-D

| | |
|---|---|
| ERIC JAVON THOMPSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On August 19, 2019, Eric Javon Thompson ("Thompson") filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his 180-month sentence [D.E. 90]. On January 9, 2020, the government moved to dismiss Thompson's motion [D.E. 99] and filed a memorandum in support [D.E. 100]. On March 19, 2020, Thompson responded in opposition [D.E. 105]. As explained below, the court grants the government's motion to dismiss and dismisses Thompson's section 2255 motion.

I.

On November 9, 2016, pursuant to a written plea agreement [D.E. 47], Thompson pleaded guilty to interstate transportation for prostitution (count three) and use of the internet to promote an unlawful business enterprise, prostitution, and aiding and abetting (count seven). See Rule 11 Tr. [D.E. 60] 2–13. On May 30, 2017, the court held Thompson's sentencing hearing and calculated Thompson's advisory guideline range to be 180 months' imprisonment. See Sentencing Tr. [D.E. 79] 10. After considering all relevant factors under section 3553(a), the court sentenced Thompson to ten years' imprisonment on count one and five years' consecutive imprisonment on count seven. See id. at 1–19. Thompson appealed [D.E. 73]. On September 6, 2018, the United States Court of

Appeals for the Fourth Circuit dismissed Thompson's appeal. See United States v. Thompson, 748 F. App'x 494, 496–97 (4th Cir. 2018) (per curiam) (unpublished).

In Thompson's section 2255 motion, Thompson contends: (1) his counsel was ineffective by permitting him to enter a plea agreement with an the appellate waiver; (2) his counsel was ineffective by persuading him to withdraw his objections to the PSR; (3) the district court committed multiple sentencing errors that affected his substantial rights and the fairness of the sentencing proceeding; (4) his consecutive sentences violate the Double Jeopardy Clause; and (5) his counsel was ineffective by failing to object to a lifetime term of supervised release. See [D.E. 90] 4–11.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See,

e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Thompson procedurally defaulted his claims that (1) the district court committed multiple sentencing errors and (2) that his sentence violated the Double Jeopardy Clause by failing to raise them on direct appeal. The general rule of procedural default bars Thompson from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Thompson has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (1999). Thus, the claims fail.

Alternatively, Thompson's plea agreement contains an appellate waiver. See [D.E. 47] ¶ 2(d). In the waiver, Thompson agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Thompson's Rule 11 proceeding, the appellate waiver is enforceable. See Thompson, 748 F. App'x at 496–97. This court (like the Fourth Circuit) rejects Thompson's attack on the

3

waiver. Id.; see United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The court also declines to permit Thompson to recharacterize his attack on the appellate waiver under 28 U.S.C. § 2255 given that he raised and lost an attack on the appellate waiver on direct appeal. See Bousley, 523 U.S. at 622–23; Frady, 456 U.S. at 170; Dyess, 730 F.3d at 360; United States v. Linder, 552 F.3d 391, 396 (4th Cir. 2009); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Accordingly, the waiver bars all claims other than his ineffective assistance of counsel claims concerning his sentence.

As for Thompson's ineffective assistance of counsel claims, the "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Thompson must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant pleads guilty and uses 28 U.S.C. § 2255 to attack his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citations omitted).

As for the appellate waiver, during Thompson's Rule 11 proceeding, Thompson swore that he understood the charges to which he was pleading guilty. See Rule 11 Tr. at 2–7. Thompson also swore that he was fully satisfied with his lawyer's legal services, that he had reviewed and discussed his entire plea agreement with counsel before he signed it, that he understood each term in the plea agreement, and that the plea agreement constituted the entire agreement that he had with the government (including the appellate waiver). See id.

Thompson's sworn statements at his Rule 11 proceeding bind him. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. Lemaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Those sworn statements show that Thompson admitted to the charged crimes and knowingly and voluntarily waived his appellate rights. The

5

waiver is enforceable. See Thompson, 748 F. App'x at 496–97. There was no deficient performance, and the claim attacking counsel's advice about the appellate waiver fails. See id.; Strickland, 466 U.S. at 687–91.

As for counsel's advice to withdraw Thompson's objections to the PSR and failure to object to a lifetime term of supervised release, the United States initially charged Thompson with multiple human-trafficking crimes, including a charge that carried a mandatory minimum of 15 years and a maximum sentence of life imprisonment. See [D.E. 1]. The evidence was overwhelming that Thompson sexually assaulted his victims, videotaped his victims engaging in sex, kept his victims isolated, and kept his victims in a state of fear. See PSR ¶¶ 12–19. Thompson's videotapes and writing corroborated the victims' statements. See id.

In light of this overwhelming evidence and recognizing that Thompson faced a life sentence if convicted on all counts, defense counsel skillfully negotiated a plea agreement that capped Thompson's imprisonment exposure at 15 years. See [D.E. 47]. At sentencing, defense counsel recognized that pursuing the factual and legal objections was futile in light of the overwhelming evidence and governing law. Thus, defense counsel devised and executed a strategy to withdraw the objections, acknowledge that the advisory guideline range was 15 years with a lifetime term of supervised release, and seek a downward variance based on Thompson's remorse and family support. See Sent. Tr. at 3–9; [D.E. 65, 66]. Although the court did not downwardly vary, it imposed a sentence within the advisory guideline range. Thompson has not plausibly alleged that any of the objections had merit, and counsel did not have to present all frivolous and non-frivolous arguments concerning the PSR. See, e.g., Premo v. Moore, 562 U.S. 115, 124–26 (2011); Knowles v. Mirzayance, 556 U.S. 111, 126–27 (2009).

Defense counsel's performance was reasonable and falls within the wide range of

6

professional performance. See, e.g., Premo, 562 U.S. at 124–26; Knowles, 556 U.S. at 126–27; Strickland, 466 U.S. at 689–92. On this record, there was no deficient performance.

Alternatively, Thompson has not plausibly alleged prejudice. To prove prejudice from deficient performance at sentencing, a defendant must prove a reasonable probability that the defendant would have been sentenced differently if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 955–56 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. Thompson has not plausibly alleged that counsel could have done something differently to obtain a variance given Thompson's horrific criminal conduct. See PSR ¶¶ 9–22, 60–97; Sentencing Tr. at 13–20. Thus, Thompson has not plausibly alleged prejudice. See Sears, 561 U.S. at 956; Strickland, 466 U.S. at 689–700.

After reviewing the claims presented in Thompson's motion, the court finds that reasonable jurists would not find the court's treatment of Thompson's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 99], DISMISSES Thompson's section 2255 motion [D.E. 90], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 21 day of August 2020.

JAMES C. DEVER III
United States District Judge

7